IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| RAY ANTHONY USSERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-109 |
| ) | |
| 17TH JUDICIAL DISTRICT DTF, and ) | Judge Campbell |
| LEWISBURG POLICE DEPT., and ) | |
| MARSHALL COUNTY SHERIFF DEPT., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Ray Anthony Ussery, who appears to be a pretrial detainee presently confined at the Marshall County Jail, has filed a *pro se* complaint asserting claims under 42 U.S.C. § 1983 based primarily on the alleged use of excessive force during the course of his arrest in January 2011 (ECF No. 1). The Court has granted the plaintiff's Application to Proceed *in Forma Pauperis*.

Under the Prison Litigation Reform Act ("PLRA"), this Court is required to conduct an initial screening of a prisoner's civil complaint if, as in this case, it is filed *in forma pauperis* or if it seeks redress from a governmental entity or official. After the initial screening, the Court must, based on the Sixth Circuit's interpretation of the PLRA, dismiss the complaint *sua sponte*, before service on any defendant, if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As explained herein, the Court finds that the plaintiff's complaint fails to state a colorable claim against the named defendants and must therefore be dismissed.

I. **ALLEGATIONS IN THE COMPLAINT**

The plaintiff here alleges that on January 5, 2011, he was arrested at the residence of an acquaintance who resided at the Jackson Heights Trailer Park in Lewisburg, Tennessee. He alleges that Detective

Daugherty and Detective Tim Miller used excessive force against him in the course of arresting him. Specifically, he alleges that, although he was not resisting arrest, he was hit in the head with a gun, kicked multiple times in the ribs, and stomped on once he was on the ground. After being arrested, he was searched by police Officer Jon Christmas and then transported to the Marshall County Medical Center for treatment of his injuries. The plaintiff does not indicate with which law enforcement agencies the identified officers were working.

After receiving treatment for his injuries, including x-rays, a CT scan, and staples to close the open wound on his head, the plaintiff was transported to the Marshall County Jail. He was denied an initial phone call and not allowed any visitors; he was not allowed to see or speak to his mother for almost two weeks. He was not given an initial appearance date until he was somewhat healed and the staples were removed from his head. He alleges that the various officials involved were "trying to cover up the fact that they had beaten me so badly and prevent any of my family and/or friends from seeing me until I was healed and doing better." (ECF No. 1, at 4.) The plaintiff also alleges that there are many details about the events surrounding his arrest that he does not remember well due to his head injury.

The plaintiff filed his complaint under 42 U.S.C. § 1983, asserting claims for violation of his constitutional rights. He names as defendants only the 17th Judicial District "DTF" (Drug Task Force), the Lewisburg Police Department, and the Marshall County Sheriff Department, all in their official capacity. He seeks relief in the form of compensatory damages to cover his medical bills as well as for pain and suffering; he also seeks punitive damages. Attached to the complaint are copies of his medical bills.

## II. DISCUSSION

### A. The Plaintiff Fails to State a Claim under § 1983

To bring a successful claim under 42 U.S.C. § 1983, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001). For purposes of the PLRA screening requirement, the plaintiff here has adequately alleged facts that indicate a possible deprivation of his rights under the Fourth Amendment to be free from unreasonable seizures. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop,

or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard."). In addition, the plaintiff alleges facts suggesting that his right to a prompt and timely arraignment may have been violated, though he does not indicate by whom. *Cf. Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56–57 (1991) (requiring probable cause determinations to be made within forty-eight hours of warrantless arrests); *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) ( a preliminary hearing must occur "at or reasonably near the place of the . . . arrest and as promptly as convenient after arrest while information is fresh and sources are available"). He further suggests a course of action by other jail and police officers to cover up the beating that he had received, which potentially violated his Fourteenth Amendment due-process rights.

Since the plaintiff adequately alleges a deprivation of his federal rights, the operative question is whether he has adequately alleged that a "person" "acting under color of state law" was responsible for the alleged violations of his rights. As indicated above, the only defendants are the 17th Judicial District "DTF" (Drug Task Force), the Lewisburg Police Department and the Marshall County Sheriff Department, all in their official capacity. Although he identifies at least some of them in his complaint, the plaintiff has not named as defendants the individual police officers responsible for the alleged use of excessive force or for any of the post-arrest actions of which he complains.

The claims against the named entities in their official capacity amount to claims brought against the government entities of which these defendants are a part—Marshall County and the town of Lewisburg. And, although a municipality (city or county) may be a "person" for purposes of § 1983, the law is clear that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior*[1] theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution." *Monell*, 436 U.S. at 690. "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"

---

[1] *"Respondeat superior"* is defined as the doctrine under which liability is imposed upon an employer for injuries to others caused by the acts of his employees committed in the course and scope of their employment. *Black's Law Dictionary* (abridged 6th ed. 1991).

*City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis in original)).  In short, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  An employer's "awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).

Thus, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty.*, 989 F.2d 885, 889 (6th Cir. 1993).  In short, the Sixth Circuit has held that the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the present complaint, the plaintiff does not allege the existence of any type of city- or county-wide policy, practice or custom that led to the injuries he suffered during the course of his arrest or afterwards.  He does not allege that the town of Lewisburg, or Marshall County, or any law enforcement agency was aware of or condoned any actions taken by individual police officers.  Again, he has not named as defendants the individual police officers responsible for the alleged violations of his rights.  Because the plaintiff has not alleged the existence of a policy, practice or custom that gave rise to any of his injuries, whether during or after the arrest, he has failed to state a claim against the various law enforcement agencies under § 1983 for which relief may be granted.

### B.     Dismissal of the Complaint Is Required under Sixth Circuit Precedent.

Under ordinary circumstances, Rule 15 of the Federal Rules of Civil Procedure authorizes a plaintiff to amend his complaint to avoid dismissal.  *See, e.g., Tingler v. Marshall*, 716 F.2d 1109, 1111–12 (6th Cir.1983) (holding that district court may not dismiss a plaintiff's suit *sua sponte* unless the court first gives the

plaintiff the opportunity to amend or correct the deficiencies in the complaint, and recognizing that *sua sponte* dismissals "are not favored because they are unfair to the litigants and ultimately waste, rather than save judicial resources").

The Sixth Circuit has held, however, that in the context of the initial review required by the PLRA, 28 U.S.C. § 1915(e)(2), the district courts are required to dismiss a case whenever it appears that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from monetary relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The court further emphasized that under the PLRA, "courts *have no discretion* in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint." *Id.* (emphasis added).[2]

This Court is constrained by the holding in *McGore* and must therefore dismiss the present complaint. An appropriate order will enter.

Todd Campbell
United States District Judge

---

[2] Every other Circuit Court of Appeals to consider the question has rejected *McGore*'s interpretation of the PLRA to require *sua sponte* dismissal of the complaint without first permitting the plaintiff to amend. *See Brown v. Johnson,* 387 F.3d 1344, 1348–49 (11th Cir. 2004) (noting that "[o]nly the Sixth Circuit has held . . . that, '[u]nder the Prison Litigation Reform Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal'" (quoting *McGore*, 114 F.3d at 612)). *See id.* at 1349 ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a)."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (concurring with "the great majority" of Circuit Courts of Appeals in continuing to hold, under 28 U.S.C.§ 1915(e)(2), that *pro se* prisoner plaintiffs "whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile"); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc ) ("The PLRA does not preclude leave to amend."); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 377 (D.C. Cir. 2000) (holding that nothing in the PLRA "has altered our long-standing rule that a *sua sponte* dismissal for failure to state a claim without leave to amend is reversible error unless the claimant cannot possibly win relief" (citation and internal quotation marks omitted)); *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir.1999) (holding that dismissal of *pro se* prisoner's complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend, and noting that the amended language of the PLRA "parallels that of Federal Rule of Civil Procedure 12(b)(6)"); *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (vacating the *sua sponte* dismissal of a claim by the district court because the plaintiff proceeding *in forma pauperis* was denied an opportunity to amend his complaint).